**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LINDSEY HAAG | : | |
| 946 Buck Road | : | |
| Quarryville, PA 17556 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. _____ |
| v. | : | |
| | : | |
| DYNAMIC DENTAL SOLUTIONS, LLC, | : | |
| d/b/a DYNAMIC DENTAL, LLC | : | **JURY TRIAL DEMANDED** |
| 2 Ronna Drive | : | |
| Wilmington, DE 19808 | : | |
| and | : | |
| NINA BOND | : | |
| 2 Ronna Drive | : | |
| Wilmington, DE 19808 | : | |
| and | : | |
| SONYA PLICQUE | : | |
| 2 Ronna Drive | : | |
| Wilmington, DE 19808 | : | |
| | : | |
| Defendants. | : | |
| | : | |

## <u>CIVIL ACTION COMPLAINT</u>

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

## I. <u>INTRODUCTION</u>

1.      This action has been initiated by Lindsey Haag (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. 201, *et. seq*.) and Pennsylvania Common Law(s). Plaintiff asserts herein that she was actually <u>or</u> constructively terminated for refusing to be part of an unlawful and criminal conspiracy to deprive employees of overtime compensation. As a direct consequence of Defendants' actions, Plaintiff seeks damages as set forth herein.

## II.  JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA.  There is supplemental jurisdiction over Plaintiff's state-law claims herein because they arise out of the same common nucleus of operative facts as Plaintiff's federal claim(s) set forth in this lawsuit. There would, upon information and belief and alternatively, be diversity jurisdiction as well pursuant to 28 U.S.C. § 1332.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III.  PARTIES

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      Dynamic Dental Solutions, LLC (hereinafter "Defendant DDS") is a for-profit corporation incorporated in the State of Delaware and engaging in business nationwide, inclusive of Pennsylvania.

8.     Nina Bond ("hereinafter "Defendant Bond") was at all relevant times (and upon information and belief remans) the Chief Executive Officer ("CEO"), President and owner of Defendant DDS.

9.     Sonya Plicque (hereinafter "Defendant Plicque") was at all times (and upon information and belief remains) a manager of human resources and personnel.

10.    At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV.  FACTUAL BACKGROUND

11.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.    Plaintiff was employed by Defendant DDS for a little more than two (2) years until her separation from employment on or about November 6, 2020.

13.    Plaintiff physically worked from the address of 946 Buck Road, Quarryville, PA 17566 (as a remote employee). Plaintiff was at all relevant times an employee of Defendant DDS in Lancaster County, Pennsylvania. And Plaintiff only worked for Defendants from Pennsylvania.

14.    Defendant DDS is a business entity providing dental insurance billing, patient billing, medical / dental cross coding, credentialing and other similar services to dental and medical practices in different states (engaging in interstate commerce).

15.    Defendant DDS has generally employed approximately 15-20 employees at any given time, inclusive of staff, management, and executives. Defendant DDS is by design an

intentionally-run remote operation wherein Defendant Bond runs Defendant DDS primarily from her own residence in Delaware.

16.     During Plaintiff's period of employment, she was given the title of Chief Operations Officer ("COO") and/or Account Manager – at times referred to interchangeably within Defendants. In this capacity, Plaintiff supervised other employees (such as remote billers based in Florida for example).

17.     In her aforesaid capacity, Plaintiff reported to one person, and one person only – Defendant Bond (CEO / President / Owner).

18.     Despite Plaintiff's significant title(s) as stated above, Plaintiff was paid less than $50,000.00 during each year of her employment. And Plaintiff lacked familiarity with specific regulations under the Fair Labor Standards Act (and applicable state laws) until the end of her employment. Plaintiff herself was required to work often times in excess of 50 hours per week and was generally exploited as an underpaid management-level employee of Defendant DDS.

19.     Towards the end of her employment though, Plaintiff had become intimately familiar with state and federal overtime obligations, as well as Department of Labor ("DOL") guidelines. This was based upon her own research following escalated questions and concerns from employees (discussed more *infra*).

20.     Defendant DDS, by and through Defendants Bond and Plicque knowingly and intentionally violated wage and overtime rights of employees. In particular, Defendants:

> (A) Ceased paying non-exempt employees at 40 hours of work despite knowing they continually worked in excess of 40 hours, denying each employee actual wages and overtime compensation;
>
> (B) Refused to pay non-exempt employees for work performed after 40 hours despite openly admitting or acknowledging their entitlement to such compensation internally; and

(C) Literally explained that if they paid employees properly, Defendants' profit margins would drastically decrease.

21.     Employees clocked in and out, but were not paid legally (or for all time even within the punch-in and punch-out system). This is irrefutable. And Defendants admitted to Plaintiff on numerous occasions engaging in such unlawful behavior intentionally. Each time Plaintiff expressed concerns, objected, and tried to get employees who reported to her paid properly, Plaintiff was met with tremendous animosity and admonished that Defendants need to make money.

22.     In the months leading up to Plaintiff's actual and/or constructive termination from employment (discussed at length below), Plaintiff had learned of potential civil <u>and</u> criminal liability for Defendants' actions which could have even resulted in her prosecution. Just by way of example(s):

(A) 29 U.S.C. § 216 expressly states: "Any person who willfully violates [the FLSA]" can be subject to "conviction" . . . "fine of not more than $10,000.00" . . . and "imprisonment for not more than six months, or both;"

(B) Plaintiff could be personally liable for violating state or federal regulations, not just criminally, but also civilly (as to all unpaid wages, liquidated damages and attorney's fees);[1] and

(C) States where Plaintiff worked from <u>or</u> where Defendants are incorporated have statutes rendering Plaintiff or other management civilly <u>or</u> criminally liable for such violations. *See also e.g.* Section 11.1 of the Pennsylvania Wage Payment Law ("Criminal Penalties").

---

[1] "[A]n individual is subject to liability when he or she exercises supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation while acting in the employer's interest." *White v. Eberle & Bci Servs.*, 2013 U.S. Dist. LEXIS 7542 (D.N.J. 2013); *see also Narodetsky v. Cardone Indus., Inc.*, 2010 U.S. Dist. LEXIS 16133, 2010 WL 678288 (E.D. Pa. 2010)(management may be individually liable under the FLSA).

23.    In the days, weeks and months leading up to Plaintiff's separation from employment, Plaintiff specifically complained many times verbally and in writing to Defendants about violations of state and federal law(s) as to wages and overtime concerning employees.

24.    In sum, Plaintiff objected to: (a) letting her employees knowingly continue to work uncompensated as to wages and overtime; (b) misleading or stonewalling her own employees about their overtime inquiries; and (c) overall being a part of a management team wherein she was required to illegally work such subordinate employees without legally-required wages or overtime being paid.

25.    Via text(s) ***immediately preceding*** her separation from employment, Plaintiff specifically gave examples of unpaid overtime compensation as to specific employees (yet again). Defendant Plicque in substantial part responded: "From a financial standpoint, DDS cannot afford to pay overtime." Neither Defendant Bond, nor Defendant Plique <u>ever</u> once in response to Plaintiff's seriously escalating complaints attempted to pay any employees owed overtime or even to audit such overtime worked.

26.    From in or about June of 2020 through the first week in November of 2020, Plaintiff had been attempting to complain and rectify unpaid overtime identifying *inter alia* that she and Defendants could face civil and criminal liability for Defendants' intentional refusal to pay any employees overtime compensation they knew was worked, owed, and continuing to be worked.

27.    By the first week in November of 2020, it was apparent and irrefutable Defendants were not going to undertake <u>any</u> corrective action, such that if Plaintiff continued to manage employees who were knowingly not paid wages or overtime properly that she could (and likely would) be sued or prosecuted criminally.

28.     As of November 6, 2020, Plaintiff did not expect to immediately resign (although she was prepared to do so imminently under the *intolerable* conditions of having to commit statutory violations just to continue working). She was prepared to imminently resign to avoid criminality or continued pervasive statutory violations. But she did not intend to resign effective immediately (on November 6, 2020 with such day being her last day of work).

29.     On or about November 6, 2020, Plaintiff informed Defendant Plique via text message that the Department of Labor and Labor Laws prevent what is being done with refusal to pay overtime, and Plaintiff informed Defendant Plique "My resignation letter will follow."

30.     Defendant Plique was never Plaintiff's supervisor, manager or within Plaintiff's hierarchy. Defendant Plique was nothing more than a manager of human resources processing payroll and overtime illegally. Plaintiff reported directly to Defendant Bond.

31.     As of November 6, 2020, when Plaintiff identified her "resignation letter will follow," she expected to have at least one more conversation with Defendant Bond identifying therein that if the illegal wage theft and overtime scheme were not resolved, she would in fact provide her resignation letter. Indeed, per Defendant's own policies, Plaintiff was supposed to resign only by resignation letter and with "four weeks notice" per Section 5.9 of Defendant's own Employee Handbook (had Plaintiff intended to resign immediately).

32.     Upon exchanging the aforesaid texts (referencing potential resignation) with Defendant Plicque, Plaintiff's remote access, e-mail, and server access was disabled. Plaintiff thereafter texted Defendant Bond: "Well wiping my remote PC, disabling my slack, and taking my email . . . I assume you are firing me"? Defendant Bond responded: "Sonya filled me in. I don't know what to say . . . I'd like to talk tomorrow if possible."

33.     Plaintiff expected to follow Defendant's express Employee Handbook Policies if Defendant Bond yet again refused to remedy Defendants' unlawful practices. But Plaintiff was immediately terminated, stonewalled by Defendants, and later represented as having abandoned or voluntarily resigned her job.

34.     Plaintiff had vocalized verbal and written complaints about Defendants' pervasive and intentional overtime and wage violations, including attempting to require Plaintiff to manage employees who were knowingly being paid illegally (subjecting Plaintiff to civil and criminal liability). This is without question federally-protected activity. *See e.g. Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 107 (2d Cir. 2015)(any oral concern to an employer about unpaid overtime is legally-protected activity under the FLSA), citing the liberal Supreme Court holding regarding protected activity in *Kasten v. Saint-Gobain Performance Plastics Corp*., 563 U.S. 1 (2011).

35.     Plaintiff was actually terminated, but even if anything Plaintiff did is ultimately construed as a resignation notwithstanding the foregoing, Plaintiff would have been constructively terminated nonetheless. *See e.g. Bartolon-Perez v. Island Granite & Stone,* 108 F. Supp. 3d 1335, 1340 (S.D. Fla. 2015)(the FLSA anti-retaliation provision protects against "constructive discharge"); *Burnette v. Northside Hosp*., 342 F. Supp. 2d 1128, 1138 n.13 (N.D. Ga. 2004)(same); *Salz v. Casey's Mktg. Co*., 2012 U.S. Dist. LEXIS 100399, at *10 (N.D. Iowa 2012)(same).

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Retaliatory Actual or Constructive Discharge)**
**- Against All Defendants -**

36.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37.     As outlined *ad nauseum supra*, Plaintiff's actual or constructive termination constitutes unlawful retaliation in violation of the FLSA.

38.     Defendants are personally liable for said violations, as Defendants jointly and in concert specifically terminated Plaintiff, ratified Plaintiff's termination, and knowingly forced Plaintiff to separate due to her objections to illegality (in violation of the FLSA). "[A]n individual is subject to liability when he or she exercises supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation while acting in the employer's interest." *White v. Eberle & Bci Servs.*, 2013 U.S. Dist. LEXIS 7542 (D.N.J. 2013); *see also Narodetsky v. Cardone Indus., Inc.*, 2010 U.S. Dist. LEXIS 16133, 2010 WL 678288 (E.D. Pa. 2010)(management may be individually liable under the FLSA).

**Count II**
**Violations of Pennsylvania Common Law(s)**
**(Actual or Constructive Discharge for Refusal to Violate Law(s))**
**- Against All Defendants -**

39.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40.     It is clearly prohibited in this Commonwealth to terminate an employee (actually or constructively) for refusing to commit unlawful or criminal acts. *See. e.g. Levito v. Hussman Food Service Co. Victory Refrigeration Div.*, WL 1426 (E.D. Pa. 1990); *Woodson v. AMF Leisureland Centers, Inc.,* 842 F.2d 699, 702 (3rd Cir.1988); *Shaw v. Russel Trucking Line, Inc.,* 542 F.Supp. 776 (W.D.Pa.1982); *Dugan v. Bell Tel. of Pennsylvania,* 876 F.Supp. 713, 725 (W.D.Pa.1990).

41.     Defendants Bond and Plicque, named in the caption of the Complaint, are corporate officers / management who participated and ratified the decision to terminate Plaintiff's employment (actually or constructively) - - making them individually liable herein.[2]

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to promulgate and adhere to a policy prohibiting overtime violations and retaliation;

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

C.     Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D.     Plaintiff is to be awarded liquidated or punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

---

[2] It is well established that corporate officers are liable for torts in Pennsylvania in which they participate. In *Rowles v. Automated Prod. Sys.,* 1999 U.S. Dist. LEXIS 21605 (M.D. Pa. 1999), the court explained **any** corporate officer is individually liable for their tortious actions, stating:

> In *Wicks v. Milzoco Builders, Inc.*, 503 Pa. 614, 470 A.2d 86, 90 (Pa. 1983), the Pennsylvania Supreme Court recognized the participation theory as a basis for ***corporate officer liability***:

> Under the participation theory, the court imposes liability on the individual as an actor rather than as an owner. Such liability is not predicated on a finding that the corporation is a sham and a mere alter ego of the individual corporate officer. Instead, liability attaches where the record establishes the individual's participation in the tortious activity.

> *Id.* at * 43.

E.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just,

proper, and appropriate;

F.      Plaintiff is to be awarded the costs and expenses of this action and a reasonable

attorney's fees if permitted by applicable law; and

G.      Plaintiff is permitted to have a trial by jury.


Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**


Ari R. Karpf, Esquire
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: January 4, 2020

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Lindsey Haag | : | CIVIL ACTION |
| v. | : | |
| Dynamic Dental Solutions, LLC, d/b/a Dynamic Dental, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X )

| | | |
|---|---|---|
| 1/4/2021 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___946 Buck Road, Quarryville, PA 17556_____

Address of Defendant: ___2 Ronna Drive, Wilmington, DE 19808_____

Place of Accident, Incident or Transaction: ___Defendants place of business_____

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___1/4/2021_____    _____    ___ARK2484 / 91538___
                                 *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☒ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
      *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Ari R. Karpf_____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: ___1/4/2021_____    _____    ___ARK2484 / 91538___
                                 *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

HAAG, LINDSEY

**(b)** County of Residence of First Listed Plaintiff    Lancaster
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

DYNAMIC DENTAL SOLUTIONS, LLC, D/B/A DYNAMIC DENTAL, LLC, ET AL.

County of Residence of First Listed Defendant    New Castle
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- **X** 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- **X** 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- **X** 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
"FLSA" - 29 U.S.C. 201, et. seq.

Brief description of cause:
Violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. 201, et. seq.) and Pennsylvania Common Law(s).

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**  **X** Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   1/4/2021

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT #  _____  AMOUNT  _____  APPLYING IFP  _____  JUDGE  _____  MAG. JUDGE  _____

**Print**      **Save As...**      **Reset**